# ORIGINAL

United States District Court
Southern District of Texas
FILED

**SEP 1 9 2005**

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOWARD BOYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot"), who files this its Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.     Home Depot is the Defendant in a civil action pending in the County Court at Law No. 1 of Nueces County, Texas, entitled *Howard Boyer vs. Home Depot U.S.A., Inc.,* Cause No. 05-60900-1 (hereinafter referred to as the "State Court Action").   True and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "A," as required by *28 U.S.C. § 1446(a).*

2.     The State Court Action was filed on May 20, 2005.   On or about September 7, 2005, Defendant received Plaintiff's answers to Defendant's First Set of Interrogatories (dated September 6, 2005), in which Plaintiff stated that he was unable to continue his employment due to his injuries from the incident in question and that he was to make $40,000-60,000 per year at that employment.   Further, on or about September 7, 2005, Defendant received Plaintiff's responses to Defendant's Request for Disclosure (dated September 6, 2005), and in connection with those responses, Plaintiff produced medical bills in excess of $25,000 that he claims were

---

**DEFENDANT'S NOTICE OF REMOVAL - Page 1**

incurred as a result of the incident in question.  Those pleadings created a definite basis for concluding that Plaintiff's claimed damages greatly exceed $75,000, and constituted the first papers received by Defendant from which Defendant was able to ascertain that the case is one that is removable.  Accordingly, this notice is timely filed within thirty (30) days of Home Depot's first notice that this Court has jurisdiction over the subject matter of this case.  Therefore, this Notice of Removal is timely filed under *28 U.S.C. § 1446(b)*.

3.     The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among parties, in that Home Depot is now and was at the time the action was commenced, diverse in citizenship from Plaintiff.  Plaintiff Howard Boyer is a citizen of the State of Texas.  Home Depot is not now and was not at the time the suit was commenced, a citizen of the State of Texas.  Specifically, Home Depot is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Therefore, Home Depot is a citizen of the States of Delaware and Georgia.

4.     The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs.  Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to *28 U.S.C. § 1332*, as it is a civil action wholly between citizens of different states, and, the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

5.     Under *28 U.S.C. § 1446(a)*, venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

6.     Pursuant to *28 U.S.C. § 1446(d)*, Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff's counsel and will further file a copy of this Notice of

Removal with the Clerk of Court of Nueces County, Texas, where the action was previously pending.

7. **Jury Demand** –Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Home Depot hereby removes the case styled *Howard Boyer vs. Home Depot U.S.A., Inc.;* Cause No. 05-60900-1 from the County Court at Law No. 1 of Nueces County, Texas, on this 16th day of September 2005, and, further, respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
a Professional Corporation

By: _____
    Arthur K. Smith
    Texas State Bar No. 18534100
    Southern District No. 2705
    Attorney-in-Charge

    507 Prestige Circle
    Allen, Texas 75002
    Telephone: (469) 519-2500
    Facsimile: (469) 519-2555

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

On the 16th day of September, 2005, a true and correct copy of the above and foregoing pleading was served upon counsel for Plaintiff via facsimile and certified mail, return receipt requested, in accordance with Rule 5 of the Federal Rules of Civil Procedure.

Arthur K. Smith

150005.29/fed not.removal

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOWARD BOYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## **INDEX OF MATTERS FILED**

Tab 1    All executed process in this case;

Tab 2    Pleadings asserting causes of action and all answers to those pleadings;

Tab 3    All orders signed by the state judge;

Tab 4    Docket sheet;

Tab 5    A list of all counsel of record

TAB "1"

**CT** CORPORATION
A Wolters Kluwer Company

24264 11

**Service of Process
Transmittal**
06/15/2005
Log Number 510303410

**TO:**     Nancy Bunker
          The Home Depot, Inc.
          2455 Paces Ferry Road, Building C-8th Floor
          Atlanta, GA, 30339-4024

**RE:**     **Process Served in Texas**

**FOR:**    Home Depot International, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Howard Boyer, Pltf. vs. Home Depot International, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Plaintiff's Original Petition, Civil Case Information Sheet |
| **COURT/AGENCY:** | County Court at Law No. 1 Nueces County, Texas, Nueces, Tx Case # 05609000001 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Personal injuries sustained while on defendants property. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/15/2005 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | 10:00 a.m. on the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Brunkenhoefer Law Firm, P.C. 520 Lawrence Street Corpus Christi, Texas, 78401 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 790545510321 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Beatrice Casarez |
| **ADDRESS:** | 350 North St. Paul Street Dallas, TX, 75201 |
| **TELEPHONE:** | 214-979-1172 |

Page 1 of 1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

**COPY**

Citation for Personal Service - RESIDENT


*THIS COPY OF PROCESS
DELIVERED TO YOU ON THE
15 DAY OF June 2005 Y30A
MIKE DUPREE, Constable, Dallas County, TX
Precinct 5 / Deputy*

Lit. Seq. # 5.002.01

No. 05-60900-00-0-1

## T H E   S T A T E   O F   T E X A S

NOTICE TO _____ **DEFENDANT** _____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
HOME DEPOT INTERNATIONAL, INC.
BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM, 350 N. ST.PAUL STREET, DALLAS, TEXAS  75201

the _____ **DEFENDANT** _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the _____ Honorable County Court at Law NO. 1 _____ of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____ PETITION _____ was filed on _____ MAY 20, 2005 _____ . A copy of same accompanies this citation.

The file number of said suit being No. 05-60900-00-0-1.
The style of the case is:

BOYER, HOWARD
VS.
HOME DEPOT INTERNATIONAL, INC.

Said petition was filed in said court by _____ DONNA B. EVERITT _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
520 LAWRENCE STREET, CORPUS CHRISTI TX  78401

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 27th day of _____ MAY _____ , A.D. 2005.

PATSY PEREZ _____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _Idalia G. Harvey_ , Deputy
IDALIA G. HARVEY

*COUNTY & DISTRICT COURTS OF NUECES COUNTY, TEXAS*

TAB "2"

CAUSE NO. _05-60900-1_

| | | |
|---|---|---|
| HOWARD BOYER, | § | NUECES COUNTY COURT |
| Plaintiff | § | |
| | § | |
| VS.            - | § | AT LAW NO. ____1____ |
| | § | |
| HOME DEPOT INTERNATIONAL, INC., | § | |
| Defendant | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** HOWARD BOYER, here and after referred to by name or as "Plaintiff," complaining of HOME DEPOT INTERNATIONAL, INC., hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY

Plaintiff hereby notifies the Court and Defendant of his intention to prosecute this case pursuant to the discovery provisions of Tex. R. Civ. P. 190.4 (Level III). To this end, Plaintiff respectfully requests the Court's issuance of an appropriate discovery control plan following a docket control conference.

### II.
### PARTIES

Plaintiff, HOWARD BOYER, an individual, is a resident of Corpus Christi, Nueces County, Texas. Defendant is HOME DEPOT INTERNATIONAL, INC., a corporation licensed to do business in the state of Texas, upon whom service may be made by serving their registered agent, CT Corporation System, who may be found at 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201.

### III.
### VENUE

Venue is proper in Nueces County, Texas pursuant to § 15.002(a)(1) of the Tex. Civ. Prac. & Rem. Code (Vernon's 1997), as Nueces County, Texas was and is the "county in which all or a substantial part of the events or omissions giving rise to the claim occurred."

## IV.
## OPERATIVE FACTS

On or about April 7, 2004, HOWARD BOYER was an invitee on Defendant's property, having gone there for the purpose of buying a gutter for his home. Plaintiff brings this suit to recover for personal injuries sustained as a result of a dangerous condition on Defendant's property, specifically, the dangerous manner in which they stack the gutters for sale. Plaintiff was injured while attempting to remove a gutter from its rack, when another gutter fell over and caused the gutter he was attempting to remove to fall and slice open the front of his left foot. This injury was so severe that Plaintiff had to have surgery to repair the damage to his ankle and foot. This accident caused Plaintiff to suffer serious injuries to his person as well as causing severe mental anguish as a result of those injuries.

## V.
## CAUSE OF ACTION

Defendant knew of the unreasonably dangerous condition on its property and neither corrected nor warned the Plaintiff of it. Plaintiff had no knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition or to warn Plaintiff constituted negligence, and such negligence was a proximate cause of the incident in question and Plaintiff's resulting injuries.

## VI.
## DAMAGES

As a result of the incident described above, Plaintiff has suffered severe personal injuries causing him to experience physical pain, scarring, permanent bodily impairment and mental anguish and will in reasonable probability, continue to do so in the future by reason of the nature of severity of his injuries. Plaintiff has been caused to incur medical charges and expenses on his behalf in the past and will in reasonable probability, continue to incur medical expenses in the future for treatment of his injuries. Plaintiff seeks to recover all of the above referenced damages as well as any and all other damages provided by law in an amount within the jurisdictional limits of this court.

## VII.
## TEX. R. CIV. P. 54

All conditions precedent to bringing and maintaining this lawsuit have been performed or have occurred.

## VIII.
## JURY DEMAND

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY,

FOR WHICH THE APPROPRIATE FEE HAS BEEN TENDERED.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED,  Plaintiff respectfully requests that the Defendant be cited to appear and answer herein and that, upon final trial of this cause, Plaintiff has:

(1.)     Judgment against the Defendant for actual damages in an amount

         within the jurisdictional limits of this Court;

(2.)     Pre-judgment interest, as allowed by law;

(3.)     Post-judgement interest, as allowed by law;

(4.)     Costs of Court;

(5.)     Costs of Suit; and

(6.)     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BRUNKENHOEFER LAW FIRM, P.C.
520 Lawrence Street
Corpus Christi, Texas 78401
Phone No. (361) 888-8808
Fax No. (361) 888-6753


**Donna B. Everitt**
SBN: 24045856


**Robert E. Brunkenhoefer**
SBN: 03256000

Jun-28-2005  04:34pm   From-LAW OFFIC   F ARTHUR K SMITH        4695192555         T-975  P.002/003  F-636

LAW OFFICES OF

# ARTHUR K. SMITH

### A PROFESSIONAL CORPORATION

507 PRESTIGE CIRCLE
ALLEN, TEXAS 75002-3438

ARTHUR K. SMITH
DIRECT (469) 519-2525
asmith@aksmithlaw.com

TELEPHONE (469) 519-2500
FACSIMILE (469) 519-2555

June 28, 2005

Donna B. Everitt                                    *Via Facsimile (361) 888-6753*
Brunkenhoefer Law Firm, P.C.
520 Lawrence Street
Corpus Christi, Texas 78401

Re:      Cause No. 05-60900-1; In the County Court at Law No. 1 in Nueces County,
         Texas; *Howard Boyer v. Home Depot International, Inc.*

Dear Ms. Everitt:

I am writing concerning the above-referenced case (the "Lawsuit").

Your client has sued an incorrect party. Home Depot International, Inc. ("HDI") was
neither the owner nor operator of the Home Depot store in question as of April 7, 2004. Rather,
on that date, the store was owned and operated by Home Depot U.S.A., Inc.

If your client will agree to (a) non-suit his claims against HDI, and (b) withdraw any
written discovery requests previously served on HDI, then:

(1)      I will accept service of citation and petition on behalf Home Depot U.S.A., Inc.;
         and

(2)      HDI will agree that, in the event the Plaintiff later amends his petition in the
         Lawsuit to rename HDI based on discovery of evidence that it was actually store
         owner or operator on the date in question, then:

         (a)      I will accept service of the amended petition on behalf of HDI, and

         (b)      HDI will agree not to raise limitations as an affirmative defense to the
                  claims in the amended petition.

If this proposed agreement is acceptable to your client, please confirm that by signing this
letter on his behalf in the space provided below. If this letter raises any issues that you would
like to discuss with me, my direct dial number is (469) 519-2525.



FILED PATSY P. ...
CLERK OF COUNTY &
DISTRICT COURTS
NUECES COUNTY, TEXAS
BY_____
2005 JUL A 9 24
_____DPTY

Donna B. Everitt
June 28, 2005
Page 2


      Best regards.

                Very truly yours,

                Arthur K. Smith
                Attorney for HDI and Home Depot U.S.A., Inc.


AGREED:


Donna B. Everitt
Attorney for Plaintiff



AKS:sc
Firm/Client.New/Boyer.Everitt.Entities.ltr

## CAUSE NO. 05-60900-1

| | | |
|---|---|---|
| HOWARD BOYER,<br>Plaintiff | §<br>§<br>§ | NUECES COUNTY COURT |
| vs. | §<br>§ | AT LAW NO. 1 |
| HOME DEPOT INTERNATIONAL, INC.,<br>Defendant | §<br>§<br>§ | NUECES COUNTY, TEXAS |

### PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE OF HOME DEPOT INTERNATIONAL, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW HOWARD BOYER ("Plaintiff"), by and through his attorneys of record, and files this his Notice of Non-Suit Without Prejudice of his claims against Defendant-HOME DEPOT INTERNATIONAL, INC.

Plaintiff moves the Court to non-suit the above-referenced Defendant without prejudice to Plaintiff's right to re-file his claims against same. Plaintiff further moves the Court to tax costs of this action against the party incurring said costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court non-suit Defendant-HOME DEPOT INTERNATIONAL, INC. from the instant cause, without prejudice to Plaintiff's right to re-file his claim(s) against same, and that the costs of said action be taxed against the party incurring said costs.

FILED-PATSY PEREZ
CLERK OF COUNTY &
DISTRICT COURTS
NUECES COUNTY, TEXAS
2005 JUL 11 A 9: 24
BY _____ DPTY

1

Respectfully submitted,

BRUNKENHOEFER LAW FIRM, P.C.
520 Lawrence Street
Corpus Christi, Texas 78401
Phone No. (361) 888-8808
Fax No. (361) 888-6753


*Donna Everitt*

**Donna B. Everitt**
SBN: 24045856

**Robert E. Brunkenhoefer**
SBN: 03256000

2

## CERTIFICATE OF SERVICE

I, Donna B. Everitt, do hereby certify that a true and correct copy of the above and foregoing PLAINTIFFS' NOTICE OF NONSUIT WITHOUT PREJUDICE OF HOME DEPOT INTERNATIONAL, INC. has been duly served upon:

Arthur Smith                                    **CMRRR**
507 Prestige Circle
Allen, Texas 75002-3438

in accordance with all applicable provisions of the Texas Rules of Civil Procedure on this the 5th day of July, 2005.

Donna B. Everitt

3

CAUSE NO. 05-60900-1

| | | |
|---|---|---|
| HOWARD BOYER, | § | NUECES COUNTY COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| Defendant | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** HOWARD BOYER, here and after referred to by name or as "Plaintiff," complaining of HOME DEPOT U.S.A., INC. , hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court the following:

## I.
## DISCOVERY

Plaintiff hereby notifies the Court and Defendant of his intention to prosecute this case pursuant to the discovery provisions of Tex. R. Civ. P. 190.4 (Level III). To this end, Plaintiff respectfully requests the Court's issuance of an appropriate discovery control plan following a docket control conference.

## II.
## PARTIES

Plaintiff, HOWARD BOYER, an individual, is a resident of Corpus Christi, Nueces County, Texas. Defendant is HOME DEPOT U.S.A., INC., a corporation licensed to do business in the state of Texas, upon whom service may be obtained by serving Defendant's designated agent, Arthur Smith, who may be found at 507 Prestige Circle, Allen, Texas 75002-3438.

## III.
## VENUE

Venue is proper in Nueces County, Texas pursuant to § 15.002(a)(1) of the Tex. Civ. Prac. & Rem. Code (Vernon's 1997), as Nueces County, Texas was and is the "county in which all or a substantial part of the events or omissions giving rise to the claim occurred."

## IV.
## OPERATIVE FACTS

On or about April 7, 2004, HOWARD BOYER was an invitee on Defendant's property, having gone there for the purpose of buying a gutter for his home. Plaintiff brings this suit to recover for personal injuries sustained as a result of a dangerous condition on Defendant's property, specifically, the dangerous manner in which they stack the gutters for sale. Plaintiff was injured while attempting to remove a gutter from its rack, when another gutter fell over and caused the gutter he was attempting to remove to fall and slice open the front of his left foot. This injury was so severe that Plaintiff had to have surgery to repair the damage to his ankle and foot. This accident caused Plaintiff to suffer serious injuries to his person as well as causing severe mental anguish as a result of those injuries.

## V.
## CAUSE OF ACTION

Defendant knew of the unreasonably dangerous condition on its property and neither corrected nor warned the Plaintiff of it. Plaintiff had no knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition or to warn Plaintiff constituted negligence, and such negligence was a proximate cause of the incident in question and Plaintiff's resulting injuries.

## VI.
## DAMAGES

As a result of the incident described above, Plaintiff has suffered severe personal injuries causing him to experience physical pain, scarring, permanent bodily impairment and mental anguish and will in reasonable probability, continue to do so in the future by reason of the nature of severity of his injuries. Plaintiff has been caused to incur medical charges and expenses on his behalf in the past and will in reasonable probability, continue to incur medical expenses in the future for treatment of his injuries. Plaintiff seeks to recover all of the above referenced damages as well as any and all other damages provided by law in an amount within the jurisdictional limits of this court.

## VII.
## TEX. R. CIV. P. 54

All conditions precedent to bringing and maintaining this lawsuit have been performed or have occurred.

## VIII.
## JURY DEMAND

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY,

FOR WHICH THE APPROPRIATE FEE HAS BEEN TENDERED.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED,  Plaintiff respectfully requests that the Defendant be cited to appear and answer herein and that, upon final trial of this cause, Plaintiff has:

(1.)    Judgment against the Defendant for actual damages in an amount

within the jurisdictional limits of this Court;

(2.)    Pre-judgment interest, as allowed by law;

(3.)    Post-judgement interest, as allowed by law;

(4.)    Costs of Court;

(5.)    Costs of Suit; and

(6.)    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BRUNKENHOEFER LAW FIRM, P.C.
520 Lawrence Street
Corpus Christi, Texas 78401
Phone No. (361) 888-8808
Fax No. (361) 888-6753

**Donna B. Everitt**
SBN: 24045856

**Robert E. Brunkenhoefer**
SBN: 03256000

CAUSE NO. 05-60900-1

| | | |
|---|---|---|
| HOWARD BOYER, | § | NUECES COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 1 |
| | § | |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendants. | § | NUECES COUNTY, TEXAS |

## ORIGINAL ANSWER AND SPECIAL EXCEPTIONS OF DEFENDANT HOME DEPOT U.S.A., INC., TO PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE:

COMES NOW Home Depot U.S.A., Inc. (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered cause, and for its Original Answer and Special Exceptions to Plaintiff's First Amended Petition would respectfully show unto the Court as follows:

## SPECIAL EXCEPTIONS

### I.

Defendant specially excepts to Plaintiff's First Amended Petition (the "Petition") in its entirety on the grounds that it fails to specify the maximum damages sought; and pursuant to Tex. R. Civ. P. 47, requests that Plaintiff be required to specify the maximum amount of damages sought in this proceeding. Of which special exception, Defendant prays judgment of the Court

### II.

Defendant specially excepts to paragraph VI of the Petition wherein Plaintiff seeks recovery for unspecified past and future medical expenses, and pursuant to Tex. R. Civ. P. 56, requests that

---

**ORIGINAL ANSWER AND SPECIAL EXCEPTIONS OF DEFENDANT HOME DEPOT U.S.A., INC.**
**TO PLAINTIFF'S FIRST AMENDED PETITION — Page 1**

4

Plaintiff be required to itemize all special damages for which he seeks recovery. Of which special exception, Defendant prays judgment of the Court.

## III.

Defendant further specially excepts to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for "such other and further relief to which Plaintiff may be justly entitled." Defendant is entitled to know the specific types of relief for which Plaintiff seeks recovery; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to replead to specifically identify each type of damages for which he seeks recovery. Of which special exception, Defendant prays judgment of the Court.

## ORIGINAL ANSWER

## IV.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

## V.

Pleading further, Defendant affirmatively alleges that Plaintiff Howard Boyer's own negligence was the sole proximate cause, or alternatively, a proximate cause of the incident made the basis of this suit and Plaintiff's damages, if any.

## VI.

Pursuant to the Texas Government Code § 52.046 (Vernons 1998), Defendant requests that a court reporter attend all sessions of the Court in conjunction with this civil action.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court sustain its Special Exceptions, strike the appropriate pleadings and require Plaintiff to amend within a

reasonable time certain, and the Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

By: _____
     Arthur K. Smith
     State Bar No. 18534100

     507 Prestige Circle
     Allen, Texas 75002
     Telephone:  (416) 519-2500
     Facsimile:  (416) 519-2555

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___19th___ day of August, 2005, a copy of the foregoing pleading was forwarded via facsimile and U.S. mail, first class, postage prepaid, to Plaintiff's counsel.

_____
Arthur K. Smith

150005.29/Answer.Orig

---

**ORIGINAL ANSWER AND SPECIAL EXCEPTIONS OF DEFENDANT HOME DEPOT U.S.A., INC.
TO PLAINTIFF'S FIRST AMENDED PETITION — Page 3**

CAUSE NO. 05-60900-1

| | | |
|---|---|---|
| HOWARD BOYER, | § | NUECES COUNTY COURT |
| Plaintiff | § | |
| | § | |
| VS. - | § | AT LAW NO. 1 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| Defendant | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** HOWARD BOYER, here and after referred to by name or as "Plaintiff," complaining of HOME DEPOT U.S.A., INC. , hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY

    Plaintiff hereby notifies the Court and Defendant of his intention to prosecute this case pursuant to the discovery provisions of Tex. R. Civ. P. 190.4 (Level III). To this end, Plaintiff respectfully requests the Court's issuance of an appropriate discovery control plan following a docket control conference.

### II.
### PARTIES

    Plaintiff, HOWARD BOYER, an individual, is a resident of Corpus Christi, Nueces County, Texas. Defendant is HOME DEPOT U.S.A., INC., a corporation licensed to do business in the state of Texas, upon whom service may be obtained by serving Defendant's designated agent, Arthur Smith, who may be found at 507 Prestige Circle, Allen, Texas 75002-3438.

### III.
### VENUE

    Venue is proper in Nueces County, Texas pursuant to § 15.002(a)(1) of the Tex. Civ. Prac. & Rem. Code (Vernon's 1997), as Nueces County, Texas was and is the "county in which all or a substantial part of the events or omissions giving rise to the claim occurred."

## IV.
## OPERATIVE FACTS

On or about April 7, 2004, HOWARD BOYER was an invitee on Defendant's property, having gone there for the purpose of buying a gutter for his home. Plaintiff brings this suit to recover for personal injuries sustained as a result of a dangerous condition on Defendant's property, specifically, the dangerous manner in which they stack the gutters for sale. Plaintiff was injured while attempting to remove a gutter from its rack, when another gutter fell over and caused the gutter he was attempting to remove to fall and slice open the front of his left foot. This injury was so severe that Plaintiff had to have surgery to repair the damage to his ankle and foot. This accident caused Plaintiff to suffer serious injuries to his person as well as causing severe mental anguish as a result of those injuries.

## V.
## CAUSE OF ACTION

Defendant knew of the unreasonably dangerous condition on its property and neither corrected nor warned the Plaintiff of it. Plaintiff had no knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition or to warn Plaintiff constituted negligence, and such negligence was a proximate cause of the incident in question and Plaintiff's resulting injuries.

## VI.
## DAMAGES

As a result of the incident out of which this suit arises, Plaintiff suffered various injuries to his body and/or mind. The injuries of Plaintiff have caused him to suffer physical pain, suffering and mental anguish, and Plaintiff will, in all reasonable probability, continue to experience such physical pain, suffering and mental anguish discernibly in the future.

If it be found that Plaintiff has suffered from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show the Court and jury that the same were neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been aggravated and made worse, and caused to become disabling and painful.

On account of the nature, seriousness, and severity of Plaintiff's injuries, Plaintiff has required medical care. Plaintiff has been required to pay and incur liability to pay the charges which have been and will be made for such medical services. It is reasonably probable that Plaintiff will require additional medical attention for medical care, nursing, and/or hospital services and that Plaintiff will be required to pay and incur liability to pay the charges which will be made for such services.

The charges which have been and will be made for services rendered to Plaintiff have represented and will represent the usual, reasonable, and customary charges for like or similar services in the vicinity where they have been and will be rendered. All of these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained by Plaintiff as a result of this particular incident.

In addition, as a result of his injuries and/or the reasonable and necessary treatment thereof, Plaintiff has sustained a loss of physical capacity in the past and Plaintiff will, in all reasonable probability, continue to suffer from such physical incapacity for a long time in the future, if not for the balance of his natural life. Moreover, said injuries and/or the reasonable and necessary treatment thereof have caused or will cause scarring and/or physical disfigurement of Plaintiff which shall abide with him for the remainder of his life.

The amount of the Plaintiff's damages are substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury, and Plaintiff cannot presently determine what evidence will be presented at trial. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate him.

However, and only because the Defendant has demanded to know the maximum amount that the Plaintiff could be entitled to, at this time Plaintiff-HOWARD BOYER, specifically pleads that he does not believe that his damages exceed ($500,000.00). Due to the ambiguities identified hereinabove, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## VII.
## TEX. R. CIV. P. 54

All conditions precedent to bringing and maintaining this lawsuit have been performed or have occurred.

## VIII.
## JURY DEMAND

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY,

FOR WHICH THE APPROPRIATE FEE HAS BEEN TENDERED.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED,  Plaintiff respectfully requests that the Defendant be cited to appear and answer herein and that, upon final trial of this cause, Plaintiff has:

(1.)   Judgment against the Defendant for actual damages in an amount

within the jurisdictional limits of this Court;

(2.)   Pre-judgment interest, as allowed by law;

(3.)   Post-judgement interest, as allowed by law;

(4.)   Costs of Court;

(5.)   Costs of Suit; and

(6.)   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BRUNKENHOEFER LAW FIRM, P.C.
520 Lawrence Street
Corpus Christi, Texas 78401
Phone No. (361) 888-8808
Fax No. (361) 888-6753

**Donna B. Everitt**
SBN: 24045856

**Robert E. Brunkenhoefer**
SBN: 03256000

## CERTIFICATE OF SERVICE

I, Donna B. Everitt, do hereby certify that a true and correct copy of the above and

foregoing PLAINTIFF'S SECOND AMENDED PETITION has been served, in the manner

indicated below, upon:

Arthur Smith                          **VIA FAX AND REGULAR MAIL**
507 Prestige Circle
Allen, Texas 75002-3438

in accordance with all applicable provisions of the Texas Rules of Civil Procedure, on this the

30TH day of August, 2005.

*Donna Everitt*

Donna B. Everitt

TAB "3"

CAUSE NO. 05-60900-1

| HOWARD BOYER, | § | NUECES COUNTY COURT |
|---|---|---|
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 1 |
| | § | |
| HOME DEPOT INTERNATIONAL, INC., | § | |
| Defendant | § | NUECES COUNTY, TEXAS |

## ORDER GRANTING NON-SUIT WITHOUT PREJUDICE

On the _____ day of _____, 2005, the Court having considered Plaintiff's Notice of Nonsuit Without Prejudice of their claims against HOME DEPOT INTERNATIONAL, INC., it is ORDERED, ADJUDGED & DECREED that the Plaintiff's claims against said Defendant are non-suited, without prejudice to Plaintiff's right to re-file same.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the costs of this action be taxed against the party incurring said costs.

SIGNED & ORDERED this the _____ day of _____, 2005.

_____
PRESIDING JUDGE

4

RECEIVED
JUL 1 1 2005
PATSY PEREZ, DISTRICT CLERK
NUECES COUNTY

TAB "4"

# CIVIL DOCKET

## CASE NO. _____

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |

| FEE BOOK | | | | |
|---|---|---|---|---|
| Vol. | Page | | | |
| | | Jury Fee, | | |
| | | Paid by | | |
| | | Jury No. | | |

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |

05 -60900-00-0-1      05/20/05

PLINT   BOYER, HOWARD
ATTY    EVERITT, DONNA B.
DEFT    HOME DEPOT INTERNATIONAL, INC.      2

Orders of court: *handwritten entry* 2/20/05

vs.

No.

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| | | | | | |

TAB "5"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOWARD BOYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## LIST OF ALL COUNSEL OF RECORD AND PARTIES REPRESENTED

**Plaintiff**

Howard Boyer

**Plaintiff's Counsel**

Donna B. Everitt
Brunkenhoefer Law Firm, P.C.
520 Lawrence Street
Corpus Christi, Texas 78401
Telephone: (361) 888-888-8808
Facsimile: (361) 888-6753

**Defendant**

Home Depot U.S.A., Inc.

**Defendant's Counsel**

Arthur K. Smith
Law Offices of Arthur K. Smith
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Howard Boyer

## DEFENDANTS
Home Depot U.S.A., Inc.

(b)  County of Residence of First Listed Plaintiff   Nueces
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Donna B. Everitt, Brunkenhoefer Law Firm, P.C.
520 Lawrence Street, Corpus Christi, TX 78401, (361)888-8808

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332

Brief description of cause:
Personal injury-negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE   9/20/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG JUDGE