UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOWARD BOYER, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-05-475 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On April 4, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 18).  Objections were timely filed (D.E. 21). Defendant Home Depot objects to the Magistrate Judge's conclusion that plaintiff has presented sufficient evidence to support a jury verdict on his premises liability claim.  For the following reasons, the Court overrules defendant's objections and adopts the findings and conclusions of the Magistrate Judge.

Defendant's first objection is that plaintiff has not presented sufficient evidence to create a fact issue as to whether defendant arranged the gutters in a manner that caused plaintiff's injury.  However, defendant misstates plaintiff's claim.  Plaintiff's complaint states that he sustained injuries "as a result of a dangerous condition on defendant's property, specifically, the dangerous manner in which they stack the gutters for sale" (plaintiff's Second Amended Petition, D.E. 1, exh. A, tab 2).  Plaintiff's allegation is that the gutter display itself was dangerous because it required customers to shift the gutters

around and lift them over a restraining bar.  When plaintiff's claim is properly construed, it is clear that plaintiff has met his burden and presented some evidence that defendant's merchandise display was placed in defendant's store by defendant's employees.

Defendant's second objection is that plaintiff has not presented sufficient evidence to create a fact issue as to whether defendant had constructive knowledge of the gutter display.  Defendant argues that this Court should apply the "time notice rule" and require plaintiff to come forward with evidence of how long the gutters were arranged in the bin in the manner in which plaintiff found them.  However, plaintiff need not present such evidence because, as noted above, plaintiff argues that it was the design of the gutter display itself that compelled customers to move the gutters around in a dangerous manner.

Defendant's third objection is that plaintiff has not presented sufficient evidence to create a fact issue as to whether the gutter display presented an unreasonable risk of harm.  However, plaintiff described how the display forced customers to remove the gutters in a dangerous and awkward manner.  The Magistrate Judge correctly concluded that were plaintiff's testimony believed by a jury, that jury might well conclude that the gutter display presented an unreasonable risk of harm.

Therefore, having considered defendant's remaining objections and having found them to be without merit, and after reviewing *de novo* the Magistrate Judge's Memorandum and Recommendation and the pleadings on file, this Court hereby adopts as

its own the findings and conclusions of the Magistrate Judge. Accordingly, defendant's motion for summary judgment is DENIED.

ORDERED this __28th__ day of July, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE